### SCHOONMAKER *v.* NIVER.

*(Supreme Court, General Term, Third Department.* February 7, 1889.)

APPEAL—REVIEW—FAILURE TO EXCEPT.

 Where no motion is made in the trial court for new trial on the facts, or to set
 aside the verdict for any cause, and no exception is taken to the charge, it will be
 assumed on appeal that the jury determined that no cause of action was established,
 and a verdict for defendant will not be disturbed.

Appeal from Albany county court.
Action by Henry Schoonmaker against Eugene Niver, for personal injuries.
Judgment for defendant, and plaintiff appeals.
Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.
*W. S. Hevenor*, for appellant.   *Galen R. Hitt*, for respondent.

INGALLS, J. This is an action by the plaintiff to recover damages for an
injury to his person, alleged to have been committed by the defendant. The
action was tried by the court and jury, and a verdict was rendered in favor of
the defendant, and no motion was made by the plaintiff in the county court
for a new trial upon the facts, or to set the verdict aside for any cause. No
exception was taken to the charge. Under such circumstances, we must as-
sume that the jury determined that no cause of action was established by the
plaintiff, and this court cannot, in view of the record before it, inquire into
the propriety of such verdict upon the merits of the action. If the case were
properly before us for review upon the facts, the evidence is so conflicting
that this court would be disinclined to interfere with the verdict. Some ex-
ceptions were taken by the plaintiff's counsel during the progress of the trial,
which mainly relate to the question of damages, and, in view of the verdict
rendered, that question would seem to be immaterial, and consequently the
exceptions, so far as they relate to such question, must be regarded unavail-
ing to the appellant. Furthermore, the questions addressed by the plaintiff's
counsel to the witnesses, as to whether the plaintiff complained of pain, seem
to have been too unrestricted as to the time when the declarations of the plain-
tiff were claimed to have been made, and otherwise objectionable, within the
case of *Roche* v. *Railroad Co.*, 105 N. Y. 295, 11 N. E. Rep. 630. In that
case the court say: "But evidence of simple declarations of a party, made some
time after the injury, and not to a physician for the purpose of being attended
to professionally, and simply making the statement that he or she is then suf-
fering pain, is evidence of a totally different nature, is easily stated, liable to
gross exaggeration, and of a most dangerous tendency, while the former ne-
cessity for its admission has wholly ceased." The other exceptions relate to

the examination in regard to the character and credibility of the parties, respectively, who were examined in their own behalf as witnesses upon the trial. The trial court allowed considerable latitude of examination upon that subject; but, considering the discretion which he was authorized to exercise, and the result of such examination as shown by the evidence, we are persuaded that the case of the plaintiff has not been prejudiced by any erroneous ruling of the court in that respect upon the trial. The judgment should be affirmed, with costs. All concur.